IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Emoji Company GmbH<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identifiedon Schedule A Hereto<br>　　　　　　Defendants. | Case No.: 1: 23-cv-01112<br><br>Judge John F. Kness<br>Magistrate Judge Young B. Kim |

## DEFENDANT XIAMEN HAILUN TRADING CO., LTD.'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Xiamen Hailun Trading Co., Ltd. ("Hailun Trading"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Dismiss the Complaint.[1]

## INTRODUCTION

Plaintiff filed this lawsuit against Hailun Trading, among online merchants, alleging that they sold counterfeit products that infringe on Plaintiff's trademarks in the United States and, specifically, in Illinois. Plaintiff's accusations are false, as Hailun Trading never sold the product at issue, much less shipped it to the State of Illinois. As a result, this Court lacks personal jurisdiction over Hailun Trading and should dismiss it from this lawsuit with prejudice.

---

[1] Unless otherwise indicated, in quotation throughout this Memorandum, all emphases are added and all internal quotations and citations are omitted.

**STATEMENT OF FACTS**

I.   **Plaintiff's Claims for Trademark Infringement**

Plaintiff brought three claims in this action: (i) trademark infringement and counterfeiting under 15 U. S. C. §1114 and (ii) false designation of origin under 15 U. S. C. §1125(a), as well as (iii) a claim for violation of Illinois Uniform Deceptive Trade Practices Act. *Id.* ¶¶ 25-40. The trademarks at issue are three federally registered trademarks, Nos. 4,868,832; 5,202,078 and 5,415,510 (collectively, the "Trademarks"). Compl. ¶ 7. Plaintiff alleges that (all) Defendants, who are online merchants on Alibaba marketplace, used the Trademarks in connection with the advertisement, offer for sale, and sale of the counterfeit products that infringe on the Trademarks. *Id.* ¶ 14. Plaintiff, attempting to establish Defendants' connection to Illinois, alleges broadly, without specifying any conduct particular to any individual Defendant: "Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products to consumers within the United States, including Illinois and this Judicial District." *Id.* ¶ 13.

II.  **Hailun Trading's Business Operations and Lack of Sales of the Products at Issue**

Hailun Trading conducts its business solely on Alibaba.com. *See* Declaration of Kunhuo Gong in Support of Hailun Trading's Motion to Dismiss the Complaint ("Declaration of Gong"), ¶ 3. The company's sole place of business has always been in the City of Xiamen, Fujian Province, the People's Republic of China. *Id.* ¶ 4. It has never owned or leased any office or facility of any kind in Illinois, or anywhere in the United States. *Id.* ¶ 5. In addition, Hailun Trading has never had any directors, officers, employees, sales representatives, agents, distributors, retailers in the United States. *Id.* ¶ 6. Nor has it ever maintained a bank account in the United States. *Id.* ¶ 7. Hailun Trading never advertised its products through television,

radio, or print publications in the U.S. in general, or the State of Illinois in particular. *Id.* ¶ 10.

The product with ID 1600550567705 previously listed by Hailun Trading on Alibaba.com is the only product that Plaintiff alleges to be infringing (the "Product"). *Id.* ¶ 8. Hailun Trading never made a single sale of the Product. *Id.* ¶ 9. Neither had Hailun Trading specifically marketed, advertised, or otherwise promoted the Product in the State of Illinois. *Id.* ¶ 10. Hailun Trading merely displayed the Product for sale on its storefronts on Alibaba.com. *Id.*

## LEGAL STANDARD

When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Where, as here, a defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff [ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## ARGUMENT

**I.  This Court Lacks General Personal Jurisdiction Over Hailun Trading.**

General jurisdiction will arise only if a defendant's "affiliations with the [s]tate are so continuous and systematic as to render it essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Critically, "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." *Id.* at 137; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751

F.3d 796, 800 (7th Cir. 2014) (general jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be at home. For a corporation, such places include the state of incorporation and the state of the principal place of business."). Here, it is undisputed that Hailun Trading is incorporated and domiciled in China. Declaration of Gong, ¶ 4. It has never owned or leased an office or facility of any kind in the United States. *Id.* ¶ 5. Nor has Hailun Trading ever had any employees, agents, distributors, or retailers doing business in Illinois, or anywhere in the United States. *Id.* ¶ 6. Hailun Trading has never maintained a bank account in the United States. *Id.* ¶ 7. Nor has Hailun Trading ever advertised its products through television, radio, or print publications in Illinois. *Id.* ¶ 8.

Because Hailun Trading is not incorporated in Illinois and does not have any place of business in Illinois, exerting general jurisdiction over Hailun Trading under the circumstances would result in "exorbitant exercises of all-purpose jurisdiction [that] would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also Illinois v. Hemi Group LLC*, 622 F.3d 754, 757 (7th Cir. 2010) (affirming the district court's holding that the defendant "does not have the continuous and systematic general business contacts with Illinois to justify exercising general jurisdiction" where the defendant "is not incorporated or organized under Illinois law, it is not registered to do business in Illinois, it does not have any offices or employees in Illinois, it does not bank in Illinois, and it has not advertised in print media in Illinois").

Therefore, this Court does not have general personal jurisdiction over Hailun Trading.

## II. This Court Lacks Specific Personal Jurisdiction Over Hailun Trading.

"Specific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state." *Advanced Tactical*, 751 F.3d at 801 (7th Cir. 2014). As this Court observed, "specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum." *MSM Design & Eng'g LLC v. P'ships & Unincorporated Ass'n Identified in Schedule "A"* ("*MSM Design and Engineering*"), No. 20-cv-00121, 2021 U.S. Dist. LEXIS 140732, at *6 (N.D. Ill. July 28, 2021) (Kness, J.). "On the contrary, two conditions must be present: online retailers must both 'st[and] ready and willing to do business with' residents of a given forum and *then* 'knowingly [ ] do business with' those residents to form minimum contacts with that forum." *Id.* at *6-7 (emphasis and alteration in original) (quoting *Hemi Group LLC*, 622 F.3d at 758). To establish the "'minimum contacts' necessary to create specific jurisdiction," Hailun Trading's "suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014).

*MSM Design and Engineering* is instructive here. There, the plaintiff brought a trademark infringement action against a large group of online merchants, alleging that they advertised to sell and sold counterfeit products bearing plaintiff's trademarks. *Id.* at *2-3. A defendant moved to dismiss the lawsuit for lack of personal jurisdiction because it never made a sale of the allegedly infringing product to Illinois, had no business presence in Illinois, and did not target advertising or marketing to Illinois residents. *Id.* at *5-6. The defendant's connection to Illinois, at most, was that its online store is accessible from Illinois. *Id.* at *6.

The Court first noted that "the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum." *Id.* at *7. As the Court determined, the fact that the defendant never shipped the allegedly infringing

5

product to this forum and did not have a preexisting business relationship with Illinois was sufficient to establish that the defendant never had "any greater relationship to this forum than any other forum throughout the world." *Id.* At *8. Guided by *Rubik's Brand, Ltd. V. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755 (N.D. Ill. Mar. 4, 2021), which dismissed the lawsuit for lack of personal jurisdiction because "the defendant never shipped any infringing product to the forum," the Court held that it lacked personal jurisdiction over that defendant because the plaintiff failed to show that the defendant "knowingly" did business with residents of this state. *Id.* (Kness, J.).

The same result is warranted here. Plaintiff predicates its claims as to Hailun Trading for its alleged violation of the Lanham Act. Compl. ¶¶ 25-40; *see also Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007) (Illinois "state-law claims of consumer fraud, deceptive trade practices, and unfair competition based on trademark infringement are analyzed using the same standards as federal trademark claims."). The fact that Hailun Trading never sold the Product to any consumer in the world, much less in the United States or in Illinois, further compels dismissal of this lawsuit against Hailun Trading for lack of personal jurisdiction for the reasons discussed in *MSM Design and Engineering*. Declaration of Gong, ¶ 9. In this respect, the Supreme Court recently decided that 15 U. S. C. §1114(1)(a) and §1125(a)(1), two provisions of the Lanham Act that prohibit trademark infringement, "are not extraterritorial and that they extend only to claims where the claimed infringing use in commerce is domestic." *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. ___ (2023).

In addition, Hailun Trading never specifically marketed, advertised, or otherwise promoted the Product in the State of Illinois. Declaration of Gong, ¶ 10. It also had no business presence in Illinois. *Id.* ¶¶ 5-8. Given the lack of any actual sale or shipment of the Product to

Illinois, there is a clear absence of a connection, much less a substantial one, between Hailun Trading's "suit-related conduct" and this forum State. *Walden*, 571 U.S. at 283–84.

Accordingly, this Court should dismiss the lawsuit against Hailun Trading for lack of specific personal jurisdiction. *See, e.g.*, *Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F. Supp. 1316, 1319-20 (N.D. Ill. 1996) (dismissing for lack of personal jurisdiction because the defendant never sold the allegedly infringing products within Illinois); *General Tools & Instruments, LLC v. The Partnerships and Unincorporated Associations Identified On Schedule A*, 1:20-cv-01036, dkt. No. 167 (N.D. Ill. May 17, 2021) (vacating default judgment for lack of personal jurisdiction over the defendants where the defendants "offered undisputed evidence that they have never shipped infringing products to Illinois, nor directed marketing or advertising to Illinois"); *Prima Tek II, L.L.C. v. Klerk's Flexible Packaging*, BV, 05-238-DRH, 2006 WL 8455836, at *5 (S.D. Ill. Jan. 4, 2006), *aff'd*, 202 Fed. Appx. 461 (Fed. Cir. 2006) (dismissing lawsuit for lack of personal jurisdiction because "Defendants state that there has never been a sale of the Tylar sleeve (the allegedly infringing product) made in Illinois [and because the] fact that Plaintiff has not argued otherwise substantiates Defendants' statement.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss this lawsuit against Xiamen Hailun Trading Co., Ltd., with prejudice, for lack of personal jurisdiction.

Date: July 21, 2023,           Respectfully submitted,

By: */s/   Zhen Pan*
One of Its Attorneys

Zhen Pan
Email: zpan@diazreus.com
DIAZ, REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower

Miami, Florida 33131

*Counsel for Defendant Xiamen Hailun Trading Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served it on all counsel of record.

By: */s/     Zhen Pan*
       Zhen Pan