IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Emoji Company GmbH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 23-CV-1112 |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, | ) ) ) ) | Judge John F. Kness<br>Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Defendant Shenzhen Elaimei Biotechnology Co., Ltd. ("Shenzhen Elaimei"), by and through the undersigned counsel and pursuant to Rule 55(c), respectfully submits this Response to Plaintiff's Motion for Entry of Default and Default Judgment.

I. **Introduction**

Shenzhen Elaimei contends that Plaintiff's Motion for Entry of Default and Default Judgment should be denied. Shenzhen Elaimei never received notice from Plaintiff. *See* Declaration of Shengqiang Wang at ¶ 5. Instead, Shenzhen Elaimei only became aware of litigation once its assets were frozen. Once Shenzhen retained counsel in the United States, plaintiff's attorneys failed to respond to multiple attempts by Shenzhen Elaimei's counsel to contact them before Plaintiff's attorneys went on to file the Motion for Entry of Default and Default Judgment. Declaration of Benjamin Solter ¶ 4-6. Once Shenzhen Elaimei became aware of Plaintiff's request for Entry of Default Shenzhen Elaimei acted promptly to address the request for entry of default.

1

## II. Legal Standard

The Seventh Circuit Court of Appeals has consistently held that an entry of default is required before a default judgment can be issued. "Entry of a default under Rule 55(a) is not, as such, entry of a judgment of default; it merely permits the plaintiff to move for such a judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *U.S. v. DiMucci*, 879 F.2d 1488, 1491 n.3 (7th Cir. 1989). Since an entry of default has not yet been entered it is not necessary to discuss default judgment. A brief in opposition to the entry of default is considered by the court as a motion to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c). *Ruiz v. Weiler & Co., Inc.*, No. 92 5838, 1995 U.S. Dist. LEXIS 581, *1 (N.D. Ill., Jan. 19, 1995). The Seventh Circuit has articulated a preference for resolution of cases on their merits, and any doubt should be resolved in favor of the defaulting party. *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs*, Inc., 856 F.2d 873, 880 (7th Cir. 1988). "Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing." *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

The court may set aside an entry of default upon a showing of "good cause". Fed. R. Civ. Pro. 55(c); see also, e.g., *Sims v. EGA Products, Inc.,* 475 F.3d 865, 868 (7th Cir. 2007). The "good cause" standard for setting aside an entry of default before judgment has been entered is more lenient than the standard for relief after judgment pursuant to Fed. R. 60(b), which permits relief on account of mistake, inadvertence, and excusable neglect. *Id.* The Seventh Circuit went on to explain that "[d]amages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for defendant's inattention to the case." *Id.* (citing *Degen v. United States,* 517 U.S. 820 (1996) (abuse of discretion to default litigant for willful failure to

appear in court, where lesser sanctions available and default would have required defendant to pay disproportionately large sum of money)).

"The district court may set aside an entry of default upon a showing of good cause for inaction, prompt steps to correct the default, and an arguably meritorious defense." *Wand v. Kramer*, No. 22-1989, at *5 (7th Cir. 2023) (citing *Parker v. Scheck Mech. Corp.*, 777 F.3d 502, 505 (7th Cir. 2014))."

### III. <u>Argument</u>

*A. Defendant Demonstrate Good Cause to Deny Entry of Default*

Entry of default is inappropriate in this case because it will subject Shenzhen Elaimei to an extremely harsh sanction disproportionate to the harm caused. Determination of "good cause" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In the context of a motion to vacate entry of a default, which is subject to a lesser standard than a motion to vacate a default judgment, "good cause" exists where the default would lead to the imposition of "[d]amages disproportionate to the wrong." *Sims v. EGA Products, Inc.,* 475 F.3d 865, 868 (7th Cir. 2007).

In this case, Shenzhen Elaimei never received notice from Plaintiff. Declaration of Shengqiang Wang at ¶ 5. Instead, Shenzhen Elaimei only became aware of litigation once its assets were frozen. Once Shenzhen Elaimei became aware of the litigation, they attempted to negotiate with Plaintiff through a Chinese intermediary but were not able to reach an agreement. Realizing that Plaintiff was not willing to settle for a reasonable amount, Shenzhen Elaimei sought to find representation in the United States, which took time given the language and distance barriers. Once Shenzhen retained counsel in the United States, Plaintiff's attorneys

failed to respond to multiple attempts by Shenzhen Elaimei's counsel to contact them before requesting default. Declaration of Benjamin Solter ¶ 4-6.

B. *Prompt Steps to Correct the Default*

Shenzhen Elaimei attempted to settle with Plaintiff both through a Chinese intermediary and through US counsel before Plaintiff requested default. *Id.* Upon being notified that Plaintiff had moved for entry of default, Shenzhen Elaimei worked quickly to remedy the situation by requesting an extension of time to file responsive pleadings the next day and filed this response before default has been entered by the court. Under these circumstances, this factor weighs in favor of setting aside the entry of default. *See, e.g., Cracco v. Vitran Exp., Inc*., 559 F.3d 625, 631 (7th Cir. 2009) (setting aside entry of default where the defendant moved to set it aside eight days after entry).

C. *Shenzhen Elaimei has Meritorious Defenses*

A default would be unjust in this case because Defendants have meritorious defenses to the plaintiff's allegations. "When we say the defendant must show a 'meritorious defense' to the lawsuit, we mean more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Gen. Parker v. Scheck Mech. Corp., 772* F.3d 502, 505 (7th Cir. 2014) (internal reference omitted).

I. <u>This Court Lacks General Personal Jurisdiction Over Shenzhen Elaimei</u>

Plaintiff has the burden of establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Personal jurisdiction can only be exercised by this Court over a non-resident defendant if the Illinois long-arm statute provides jurisdiction and the exercise of that jurisdiction aligns with the Due Process Clause of the Fourteenth Amendment. *Mobile*

*Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.,* 623 F.3d 440, 443 (7th Cir. 2010). In the Seventh Circuit, the state statutory and federal constitutional analyses merge. *Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships, et al.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

Personal jurisdiction may be general or specific. *Purdue Research Found. v. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 787 (7th Cir. 2003). Plaintiff has not made any factual claims that demonstrate sufficient contracts, and there are no such contacts in existence that would allow this Court to exercise either general or specific personal jurisdiction over Shenzhen Elaimei.

General jurisdiction will arise only if a defendant's "affiliations with the [s]tate are so continuous and systematic as to render it essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Critically, "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." *Id*. at 137; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 800 (7th Cir. 2014) (general jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be at home. For a corporation, such places include the state of incorporation and the state of the principal place of business.").

In this case Shenzhen Elaimei conducts its business solely on Alibaba.com. Declaration of Shengqiang Wang, ¶ 6. Shenzhen Elaimei operates solely in China and has never owned, leased, or utilized an office in Illinois. *Id*. ¶ 7. In addition, Shenzhen Elaimei's has never had any agents, employees or contractors in Illinois. *Id*. Nor has it ever advertised, held a telephone listing, or maintained bank accounts in Illinois. *Id*. Shenzhen Elaimei never specifically marketed, advertised, or otherwise promoted its products in the United States in general, or the State of Illinois in particular. *Id*. ¶ 10.

Because Shenzhen Elaimei is not incorporated in Illinois and does not have any place of business in Illinois, exerting general jurisdiction over Shenzhen Elaimei under the circumstances would result in "exorbitant exercises of all-purpose jurisdiction [that] would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); see also *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757 (7th Cir. 2010) (affirming the district court's holding that the defendant "does not have the continuous and systematic general business contacts with Illinois to justify exercising general jurisdiction" where the defendant "is not incorporated or organized under Illinois law, it is not registered to do business in Illinois, it does not have any offices or employees in Illinois, it does not bank in Illinois, and it has not advertised in print media in Illinois"). Therefore, this Court does not have general personal jurisdiction over Shenzhen Elaimei.

II. This Court Lacks Specific Personal Jurisdiction Over Shenzhen Elaimei

A court's specific personal jurisdiction is evaluated by reference to the particular conduct underlying the claims made in the lawsuit. *Tamburo*, 601 F.3d at 702 ("To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction; we therefore evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit."); see *Adv. Tactical Ordnance Sys.*, 751 F.3d at 802 (where alleged trademark infringer's knowledge that trademark holder was an Indiana company, making it foreseeable that its allegedly misleading emails and sales would harm trademark holder in Indiana, did not establish minimum contacts necessary to subject it to personal jurisdiction in Indiana consistent with due process in trademark

infringement action). To establish the "'minimum contacts' necessary to create specific jurisdiction," Shenzhen Elaimei's "suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014).

Recently the Seventh Circuit found that shipping an infringing product to a state can establish personal jurisdiction. *NBA Props. v. Hanwjh,* 46 F.4th 614 (7th Cir. 2022). That case, however, is easily distinguishable because the Product was never sold to a resident of Illinois or anyone else in the United States. Declaration of Shengqiang Wang, ¶ 9. Throughout *NBA Props* the court emphasized that the product was shipped to Illinois. *Id.* at 619, 624, and 625. *See also Curry v. Revolution Labs*., LLC, 949 F.3d 385, 399 (7th Cir. 2020) (finding jurisdiction when the defendant sold the "product to 767 Illinois residents between October 14, 2016, and June 1, 2017."). The Supreme Court also recently confirmed that 15 U. S. C. §1114(1)(a) and §1125(a)(1), two provisions of the Lanham Act that prohibit trademark infringement, "are not extraterritorial and that they extend only to claims where the claimed infringing use in commerce is domestic." *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. (2023).

*MSM Design and Engineering LLC v. The Partnerships and Unincorporated Associations Identified On Schedule,* 20-cv-00121 (N.D. Ill. 2021) presents a similar fact pattern. There, the plaintiff brought a trademark infringement action against a large group of online merchants, alleging that they advertised to sell and sold counterfeit products bearing plaintiff's trademarks. *Id*. at *1-2. A defendant moved to dismiss the lawsuit for lack of personal jurisdiction because it never shipped an allegedly infringing product to Illinois, had no business presence in Illinois, and did not target advertising or marketing to Illinois residents. *Id*. at *3-4. The plaintiff's investigator added the alleged infringing product to their cart and entered an Illinois address into the ship-to filed on the defendant's marketplace. *Id*. at *1. "Plaintiff's investigator did not,

7

however, actually purchase the item, meaning that no product offered for sale by Defendant was shipped to this forum." *Id.*

The court noted that "the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum." *Id*. at *4. As the Court reasoned, the fact that the defendant never shipped the alleged infringing product to the forum and did not have a preexisting business relationship with Illinois was sufficient to establish that the defendant never had "any greater relationship to this forum than any other forum throughout the world." *Id*. at *5.

In a similar case, the plaintiff provided screenshots that show a shipping address in Illinois and depicted "an order—at the stage just before it is entered—to buy." *Rubik's Brand, Ltd. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-cv-5338 (N.D. Ill. Mar. 4, 2021). That court found that the "premise that the screenshot shows that an order could be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction." *Id.* at *5. The court dismissed the lawsuit for lack of personal jurisdiction because in the Seventh Circuit "the case law has been clear that more than an interactive website is needed" for personal jurisdiction. *Id.* at *9.

The same result is warranted here. The Seventh Circuit has repeatedly found that a website that allows shipping to Illinois, without actual shipments of the alleged infringing product, is not sufficient to establish personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir.

2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010) (a plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website."). A website that is accessible in Illinois, without actual shipment of any of the Product to Illinois, is simply not enough to establish personal jurisdiction in Illinois.

Furthermore, Shenzhen Elaimei never made a single sale of the Product in the United States. *Id*. ¶ 9. Neither had Shenzhen Elaimei specifically marketed, advertised, or otherwise promoted the Product in the State of Illinois. *Id*. ¶ 10. Shenzhen Elaimei merely displayed the Product for sale on its storefront through Alibaba.com. *Id*. ¶ 8. Given the lack of any actual sale or shipment of the Product to Illinois, there is a clear absence of a connection, much less a substantial one, between Shenzhen Elaimei "suit-related conduct" and Illinois. *Walden*, 571 U.S. at 283–84.

Accordingly, Shenzhen Elaimei has a meritorious defense because the court lakes specific personal jurisdiction. *See, e.g.*, *General Tools & Instruments, LLC v. The Partnerships and Unincorporated Associations Identified On Schedule A*, 1:20-cv-01036, dkt. No. 167 (N.D. Ill. May 17, 2021) (vacating default judgment for lack of personal jurisdiction over the defendants where the defendants "offered undisputed evidence that they have never shipped infringing products to Illinois, nor directed marketing or advertising to Illinois"); *Prima Tek II, L.L.C. v. Klerk's Flexible Packaging*, BV, 05-238-DRH, 2006 WL 8455836, at *5 (S.D. Ill. Jan. 4, 2006), aff'd, 202 Fed. Appx. 461 (Fed. Cir. 2006) (dismissing lawsuit for lack of personal jurisdiction

because "Defendants state that there has never been a sale of the Tylar sleeve (the allegedly infringing product) made in Illinois [and because the] fact that Plaintiff has not argued otherwise substantiates Defendants' statement.").

      III.     <u>Shenzhen Elaimei Never Received a Summons and Service of Process was Improper</u>

"The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Plaintiff's counsel contends that they emailed summons to the email addresses provided for Defendants by third parties. (ECF No. 29). After a review of the thousands of pages of Plaintiff's exhibits it is not clear what email addresses Plaintiff used to contact Defendants. Shenzhen Elaimei, however, never received email notice from Plaintiff. *See* Declaration of Shengqiang Wang at ¶ 5.

Even if Shenzhen Elaimei had received an email from Plaintiff. Email is not a proper form of service for a Chinese citizen. Both the United States and China are signatories to the Convention on the Service abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). The Hague Convention has the force of federal law and limits available methods of service under Fed. R. Civ. P. 4(f)(3). *Water Splash Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) ("The Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies") (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")).

The Seventh Circuit has not directly ruled on whether a service of a Chinese defendant over email is proper, but this Court has found it is not sufficient. Specifically, in *Luxottica Grp. SpA. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019) this Court found that Article of 10(a) of the Hague Convention precludes service by email to Chinese defendants.

## IV. Conclusion

For the foregoing reasons, Shenzhen Elaimei respectfully requests that the Court set aside an entry of default.

Dated: November 17, 2023

Respectfully Submitted,

/s/ Benjamin Solter
Benjamin Solter
Intelink Law Group, PC
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
Direct Telephone No.: (781) 752-6369
Facsimile No.: (415) 688-2760
bsolter@intelinklaw.com
*Counsel for Defendant Shenzhen Elaimei Biotechnology Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court, served by publication and email to the Defendants identified in Schedule A and served on all counsel of record and interested parties via the CM/ECF system on November 17, 2023.

*/s/ Benjamin Solter*
Benjamin Solter